FILED

2014 FEB 28 AM 11: 32

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| IN RE: | * | |
| DENNIS G. HAUN, | * | Case No. 13-20149 |
| Debtor | * | Chapter 7 |

* * * * * * * * * * * * * *

| | | |
|---|---|---|
| MARYLAND ORTHOTICS & PROSTHETICS COMPANY, INC. | * | |
| | * | |
| Plaintiff | * | |
| v. | * | Adversary No. 13-00538 |
| DENNIS G. HAUN | * | |
| Defendant/Debtor | * | |

* * * * * * * * * * * * * *

**METRO PROSTHETICS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTED BY SUBPOENA**

Metro Prosthetics, Inc. ("Metro"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 34 and 45, hereby files this Opposition to Plaintiff's Motion to Compel Production of Documents Requested by Subpoena for the reasons set forth below.

1. Plaintiff's contention that Metro never filed formal Objections to Plaintiff's subpoena is inaccurate (*see* Plaintiff's Motion at pg. 2). In fact, on November 26, 2013, Metro timely filed formal Objections to Plaintiff's subpoena. (*See* Exhibit A, Objections to MDOP Subpoena.)

2. In connection with this bankruptcy proceeding, on August 6, 2013, Metro produced to Plaintiff its billing statements from attorney Leonard Pazulski related to the case styled *Maryland*

489

*Orthotics & Prosthetics Company, Inc. v. Metro Prosthetics, Inc, et al.* (Circuit Court for Baltimore County, Case Number 03-C-12-001648 OC) ("MDOP litigation"). Metro is advised that Mr. Pazulski also produced to Plaintiff all billing related documents he had in connection with the MDOP litigation (including, but not limited to, agreements, billing statements, and correspondence).

3. Plaintiff claimed it needed the above records because Plaintiff alleged that Mr. Haun committed fraud in the filing of his bankruptcy petition by (allegedly falsely) stating that he (Mr. Haun) was responsible for Mr. Pazulski's fees rather than Metro.[1]

4. Now, Plaintiff seeks to obtain additional documents from Metro to explore the same claim of fraud even though Mr. Pazulski and Metro never filed a claim for repayment of this debt. Mr. Pazulski and Metro are now time barred from bringing such a claim and those claims will be discharged in bankruptcy without payment. The issue regarding Mr. Pazulski's fees therefore is moot and nothing Plaintiff requested is probative in the ongoing bankruptcy litigation. Instead, Plaintiff appears to be seeking this documentation for (perhaps personal) reasons unrelated to the instant bankruptcy case. This conduct should not be permitted.

5. Although no further analysis is necessary, the subpoena is also objectionable for the various reasons set forth in Metro's Objections to Plaintiff's subpoena, which is incorporated herein by reference. (*See* Exhibit A.)

6. Plaintiff should be forbidden from again seeking documents from Metro on an issue that is wholly irrelevant to the present bankruptcy litigation.

Accordingly, Metro respectfully requests that Plaintiff's Motion to Compel be denied.

[1] Mr. Haun is responsible for repayment of fees he incurred in connection with Mr. Pazulski's representation of him in the MDOP litigation.

DATED: February 27, 2014

Respectfully submitted,

*/s/ Jason R. Engel*
Jason R. Engel #27033

*/s/ Ronald M. Cherry*
Ronald M. Cherry #07927
Bonner Kiernan Trebach & Crociata, LLP
36 South Charles Street, Suite 2310
Baltimore, Maryland 21201
(410) 415-1666 (phone)
(410) 415-1667 (fax)
rcherry@bonnerkiernan.com
jengel@bonnerkiernan.com

*Attorneys for Metro Prosthetics Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2014, a true and accurate copy of Metro Prosthetics, Inc.'s Opposition to Plaintiff's Motion to Compel Production of Documents Requested by Subpoena was served via first-class mail, postage prepaid upon:

Howard J. Schulman, Esquire
Marie J. Ignozzi, Esquire
Schulman & Kaufman, LLC
100 North Charles Street, Suite 600
Baltimore, Maryland 21201
*Counsel for Plaintiff*

Jeffrey M. Sirody, Esquire
1777 Reisterstown Road
Suite 360, Commercentre East
Baltimore, Maryland 21208
*Counsel for Defendant-Debtor Dennis G. Haun*

Richard M. Kremen, Trustee
DLA Piper, LLP
6225 Smith Avenue
Baltimore, Maryland 21209

/s/ Ronald M. Cherry
Ronald M. Cherry

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

IN RE: *

DENNIS G. HAUN * CASE NO.: 13-20149

Debtor * CHAPTER 7

* * * * * * * * * * * *

MARYLAND ORTHOTICS & *
PROSTHETICS COMPANY, INC.
*
Plaintiff
* ADVERSARY NO.: 13-000538
v.
*
DENNIS G. HAUN
*
Defendant-Debtor
*

* * * * * * * * * * * *

**METRO PROSTHETICS, INC.'S OBJECTIONS TO THE SUBPOENA**
**<u>FROM MARYLAND ORTHOTICS AND PROSTHETICS COMPANY, INC.</u>**

Metro Prosthetics, Inc. ("Metro"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 45, hereby files its objections to the requests for documents contained in the subpoena served on it by Maryland Orthotics and Prosthetics Company, Inc. ("MDOP") and hereby objects and responds as follows:

**<u>GENERAL OBJECTIONS</u>**

The information supplied in Metro's Responses is not based solely on the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged. In addition, the responses have been drafted by counsel. Consequently, the

tabbies
EXHIBIT
A

word usage and sentence structure are those of counsel and do not purport to be the exact language of the executing party.

1. Metro objects to all requests that might include within its scope documents that are covered by the attorney-client or work-product privileges that are proprietary or otherwise confidential.

2. Metro objects to any Request seeking information that is not in its possession, custody or control.

3. Metro objects to any Requests in the nature of interrogatories.

The above General Objections are incorporated by reference into each of the specific Objections referenced below.

## OBJECTIONS

1. All cancelled checks of payments to Leonard Pazulski, Esq. from June 1, 2011 to the present.

**Objection: Metro objects to this request as over broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.**

2. All receipts, check stubs or other records of payment for any and all payments to Leonard Pazulski, Esq. that have not yet cleared a financial institution and/or for which you are no longer in possession of the original form of payment from 2011 to the present.

**Objection: Metro objects to this request as over broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Metro also objects to the extent that this request seeks documents protected by the attorney-client and/or work product privileges. Metro previously produced to MDOP**

**billing statements from Mr. Pazulski (in redacted form) and objects to MDOP's request to re-produce such records as doing so would create an unnecessary expense for Metro.**

3. All receipts for payment to Leonard Pazulski, Esq. from June 1, 2011 to present.

**__Objection__: Metro objects to this request as over broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.**

4. All statements for professional services by Leonrd Pazulski, Esq. to Metro Prosthetics, Inc. Dennis G. Haun, and/or Peter H. Goller from June 1, 2011 to present.

**__Objection__: Metro objects to this request as over broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Metro also objects to the extent that this request seeks documents protected by the attorney-client and/or work product privileges. Metro previously produced to MDOP billing statements from Mr. Pazulski (in redacted form) and objects to MDOP's request to re-produce such records as doing so would create an unnecessary expense for Metro.**

5. All payroll records, including but not limited to wages, salaries, tips, bonuses, business expense reimbursement, and/or other financial distributions to Dennis G. Haun from Metro Prosthetics, Inc. from June 1, 2011 to present.

**__Objection__: Metro objects to this request as over broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Metro further objects to this request as it seeks confidential and/or proprietary information. Metro previously produced to MDOP payroll records of Mr. Haun and objects to MDOP's request to re-produce such records as doing so would create an unnecessary expense for Metro. Metro also objects to this request as it is a "back door" attempt to obtain additional discovery in the *Maryland Orthotics and Prosthetics Company,***

*Inc. v. Metro Prosthetics, Inc., et al.* **case even though the discovery period in that case has closed.**

6. All Metro Prosthetics, Inc. QuickBook digital files from June 1, 2011 to present.

**Objection:** **Metro objects to this request as over broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Metro further objects to this request as it seeks confidential and/or proprietary information. Metro previously produced to MDOP financial records and objects to MDOP's request to re-produce such records as doing so would create an unnecessary expense for Metro. Metro also objects to this request as it is a "back door" attempt to obtain additional discovery in the** ***Maryland Orthotics and Prosthetics Company, Inc. v. Metro Prosthetics, Inc., et al.*** **case even though the discovery period in that case has closed.**

7. All Metro Prosthetics, Inc. accountant financial statements from June 1, 2011 to present.

**Objection:** **Metro objects to this request as over broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Metro further objects to this request as it seeks confidential and/or proprietary information. Metro previously produced to MDOP financial records and objects to MDOP's request to re-produce such records as doing so would create an unnecessary expense for Metro. Metro also objects to this request as it is a "back door" attempt to obtain additional discovery in the** ***Maryland Orthotics and Prosthetics Company, Inc. v. Metro Prosthetics, Inc., et al.*** **case even though the discovery period in that case has closed.**

8. All Metro Prosthetics, Inc. federal and state tax returns for the years, 2010, 2011, 2012, and 2013.

**<u>Objection</u>: Metro objects to this request as over broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Metro further objects to this request as it seeks confidential and/or proprietary information. Metro previously produced to MDOP financial records and objects to MDOP's request to re-produce such records as doing so would create an unnecessary expense for Metro. Metro also objects to this request as it is a "back door" attempt to obtain additional discovery in the *Maryland Orthotics and Prosthetics Company, Inc. v. Metro Prosthetics, Inc., et al.* case even though the discovery period in that case has closed.**

9. Copies of any documents or records, including, but not limited to, correspondence, emails, text messages, or any other communication, concerning any proposed arrangement or outlining the terms of any agreement between Metro Prosthetics, Inc., Dennis G. Haun and/or Peter Goller for the payment of professional services rendered in or relating to the matter of *Maryland Orthotics & Prosthetics, Inc. v. Metro*, Circuit Court for Baltimore County, Case No.: 03-C-12-001648.

**<u>Objection</u>: Metro objects to this request as over broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Metro also objects because this request seeks confidential and/or proprietary information and information protected by the attorney client and/or work product privileges. Metro also objects to this request as it is a "back door" attempt to obtain additional discovery in the *Maryland Orthotics and Prosthetics Company, Inc. v. Metro Prosthetics, Inc., et al.* case even though the discovery period in that case has closed.**

10. For any and all documents, records, or other responsive information not being produced with this subpoena on the basis of privilege and/or work product, a privilege log must be produced setting forth a detailed description of each item withheld including its date, the subject matter(s) which you specifically identify as being privileged and/or work product, the name of the author or preparer, and name(s) of the intended recipient(s).

**Objection: This request cannot be responded to as phrased as it is not a request for documents. Nevertheless, Metro objects to this request by incorporating by reference the objections lodged in response to request numbers one through nine above. Metro is not producing any documents in response to this subpoena. The request for a privilege log is unduly burdensome.**

Respectfully submitted,

/s/ *Jason R. Engel*

Ronald M. Cherry
Jason R. Engel
Bonner Kiernan Trebach & Crociata, LLP
36 South Charles Suite, Suite 2310
Baltimore, Maryland 21201
410-415-1666 (phone)
410-415-1667 (fax)
rcherry@bonnerkiernan.com
jengel@bonnerkiernan.com
***Counsel for Defendants Metro Prosthetics, Inc. and Peter H. Goller***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 26th day of November, 2013, a copy of the foregoing Objections to Subpoena was sent via electronic and hand delivery, to the following:

Howard J. Schulman, Esquire
Marie J. Ignozzi, Esquire
Schulman & Kaufman, LLC
100 North Charles Street, Ste. 600
Baltimore, Maryland 21201

/s/ *Jason R. Engel*
Jason R. Engel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| IN RE: | * | |
| DENNIS G. HAUN, | * | Case No. 13-20149 |
| Debtor | * | Chapter 7 |

* * * * * * * * * * * * * *

| | | |
|---|---|---|
| MARYLAND ORTHOTICS & PROSTHETICS COMPANY, INC. | * | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | |
| | * | Adversary No. 13-00538 |
| DENNIS G. HAUN | | |
| | * | |
| Defendant/Debtor | | |
| | * | |

* * * * * * * * * * * * * *

* * * * * * * * * * * * * *

**ORDER**

Upon consideration of Plaintiff's Motion to Compel Production of Documents Requested by Subpoena ("Plaintiff's Motion"), the record herein, Metro Prosthetics, Inc.'s Opposition to Plaintiff's Motion, and any argument, it is this _____ day of ____________________, 2014, by the Court

ORDERED that Plaintiff's Motion is DENIED.

______________________________
United States District Court Judge

cc: Howard J. Schulman, Esquire
Marie J. Ignozzi, Esquire
Jeffrey M. Sirody, Esquire
Gary S. Poretsky, Esquire
Richard M. Kremen, Trustee
Ronald M. Cherry, Esquire
Jason R. Engel, Esquire